# EXHIBIT A

**FILED**

Superior Court Of California
County Of Riverside
01/09/2015
**R LOUPE**
**BY FAX**

1 │ JEFFREY L. HOGUE, ESQ. (SBN 234557)
│ TYLER J. BELONG, ESQ. (SBN 234543)
2 │ BRYCE A. DODDS, ESQ. (SBN 283491)
│ MARISSA C. MARXEN, ESQ. (SBN 309999)
3 │ **HOGUE & BELONG**
│ 430 Nutmeg Street, Second Floor
4 │ San Diego, CA 92103
│ Phone:  (619) 238-4720
5 │ Fax:     (619) 270-9856

6 │ Attorneys for Plaintiffs

7 │                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 │                        FOR THE COUNTY OF RIVERSIDE

9 │ HUNTER KIDNER; LIZETTE VARGAS;          )  CASE NO.: **RIC1500355**
│ SAMANTHA KIDNER; and MADELENE           )
10 │ GELEDZHYAN, on behalf of themselves and )  **PAGA REPRESENTATIVE ACTION**
│ all other aggrieved non-exempt employees; )  **COMPLAINT**
11 │                                         )           **By Fax**
│             Plaintiffs,                    )
12 │                                         )  (1) Failure to Provide Meal Periods (Cal.
│ v.                                         )      Lab. Code §§ 512, 226.7);
13 │                                         )
│ P.F. CHANG'S CHINA BISTRO, INC., a      )  (2) Failure to Provide Rest Periods (Cal.
14 │ Delaware corporation; and Does 1 through 50, )      Lab. Code § 226.7);
│ inclusive,                                 )
15 │                                         )  (3) Failure to Pay All Wages or Minimum
│             Defendants.                    )      Wages (Cal. Lab. Code §§;204, 1194,
16 │                                         )      1198, 1194.2, and 1197);
│                                         )
17 │                                         )  (4) Failure to Pay Overtime Wages (Cal.
│                                         )      Lab. Code §§ 2698, *et seq.*, 226, and
18 │                                         )      1174, and IWC Wage Order 5-2001(7));
│                                         )
19 │                                         )  (5) Failure to Pay Split Shift Premiums (Cal.
│                                         )      Lab. Code § 1198);
20 │                                         )
│                                         )  (6) Failure to Pay Reporting Time Wages
21 │                                         )      (Cal. Lab. Code §§ 204 and 1198);
│                                         )
22 │                                         )  (7) Illegal Wage Statements (Cal. Lab. Code
│                                         )      §§ 226 and 1174; IWC Wage Order 5-
23 │                                         )      2001(7));
│                                         )
24 │                                         )  (8) Unlawful Repayment of Wages (Cal.
│                                         )      Lab. Code §§ 221, 350, 351).
25 │                                         )
│                                         )  (9) Failure to Pay all Wages Due Upon
26 │                                         )      Ending Employment (Cal. Lab. Code §§
│                                         )      201–203);
27 │                                         )
│                                         )  (10) Private Attorney General Act (Cal. Lab.
28 │                                         )       Code §§ 2698 et seq.).
│                                         )
│                                         )  **DEMAND FOR JURY TRIAL**

────────────────────────────────────────────

PAGA REPRESENTATIVE ACTION COMPLAINT

1      Plaintiffs, HUNTER KIDNER, LIZETTE VARGAS, SAMANTHA KIDNER, and

2    MADELENE GELEDZHYAN (collectively, "Plaintiffs"), on behalf of themselves individually

3    and all aggrieved non-exempt California employees, complain and allege as follows:

4

5                      **INTRODUCTION**

6        1.      Plaintiffs bring this action against P.F. CHANG'S CHINA BISTRO, INC., a

7    Delaware corporation ("P.F. CHANG'S") and DOES 1 through 50 (collectively, "Defendants")

8    for California Labor Code violations occurring from November 19, 2011 up to and including the

9    date for trial, for Defendants': (1) failure to provide its California non-exempt employees legally

10   compliant meal periods during all eligible work shifts, or compensation in lieu thereof; (2) failure

11   to provide its California non-exempt employees legally compliant rest periods during all eligible

12   work shifts, or compensation in lieu thereof; (3) failure to pay all wages and minimum wages to its

13   California non-exempt employees; (4) failure to pay its California non-exempt employees

14   overtime wages; (5) failure to pay its California non-exempt employees premiums for all splits

15   shifts worked; (6) failure to pay its California non-exempt employees reporting time wages; (7)

16   furnishing legally-incompliant wage statements to its non-exempt California employees; (8)

17   unlawful collection of, receipt of, and sharing in wages belonging to their employees; and (9)

18   failure to pay all final wages due to its California non-exempt employees upon ending their

19   employment. The above California Labor Code violations constitute violations of the Labor Code

20   Private Attorneys General Act of 2004 (Cal. Labor Code section 2698, *et seq.*) ("PAGA") for

21   which Plaintiffs, as aggrieved employees, have been appointed the private attorneys general for

22   purposes of prosecuting Defendants for such violations on behalf of all of Defendants' current and

23   former California non-exempt employees during the applicable statutory period.

24

25                    **JURISDICTION**

26       2.     This Court has jurisdiction over Plaintiffs and over Defendants' current and former

27   California non-exempt employees concerning the claims for relief under California Labor Code

28   sections 2698 *et seq.*, 201-203, 226, 226.7, 512, 1174, and 1198, the IWC Wage Orders, and

1     Plaintiffs, HUNTER KIDNER, LIZETTE VARGAS, SAMANTHA KIDNER, and

2     MADELENE GELEDZHYAN (collectively, "Plaintiffs"), on behalf of themselves individually

3     and all aggrieved non-exempt California employees, complain and allege as follows:

4

5                                    **INTRODUCTION**

6          1.     Plaintiffs bring this action against P.F. CHANG'S CHINA BISTRO, INC., a

7     Delaware corporation ("P.F. CHANG'S") and DOES 1 through 50 (collectively, "Defendants")

8     for California Labor Code violations occurring from November 19, 2011 up to and including the

9     date for trial,  for Defendants': (1) failure to provide its California non-exempt employees legally

10    compliant meal periods during all eligible work shifts, or compensation in lieu thereof; (2) failure

11    to provide its California non-exempt employees legally compliant rest periods during all eligible

12    work shifts, or compensation in lieu thereof; (3) failure to pay all wages and minimum wages to its

13    California non-exempt employees; (4) failure to pay its California non-exempt employees

14    overtime wages; (5) failure to pay its California non-exempt employees premiums for all splits

15    shifts worked; (6) failure to pay its California non-exempt employees reporting time wages; (7)

16    furnishing legally-incompliant wage statements to its non-exempt California employees; (8)

17    unlawful collection of, receipt of, and sharing in wages belonging to their employees; and (9)

18    failure to pay all final wages due to its California non-exempt employees upon ending their

19    employment.  The above California Labor Code violations constitute violations of the Labor Code

20    Private Attorneys General Act of 2004 (Cal. Labor Code section 2698, *et seq.*) ("PAGA") for

21    which Plaintiffs, as aggrieved employees, have been appointed the private attorneys general for

22    purposes of prosecuting Defendants for such violations on behalf of all of Defendants' current and

23    former California non-exempt employees during the applicable statutory period.

24

25                                    **JURISDICTION**

26         2.     This Court has jurisdiction over Plaintiffs and over Defendants' current and former

27    California non-exempt employees concerning the claims for relief under California Labor Code

28    sections 2698 *et seq.*, 201–203, 226, 226.7, 512, 1174, and 1198, the IWC Wage Orders, and

                                        -1-

1  California Business and Professions Code section 17200, *et seq.*   Plaintiffs are California citizens.

2      3.      This Court has jurisdiction over this action under the California Constitution,

3  Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except

4  those given by statute to other courts."  There is no statute assigning jurisdiction over Plaintiffs'

5  claims to another court.

6      4.      This Court has jurisdiction over all defendants because each defendant is a citizen

7  of California, has sufficient minimum contacts in California, and otherwise intentionally avails

8  themselves of the California market so as to render this Court's jurisdiction over them consistent

9  with traditional notions of fair play and substantial justice.

10

11                              **VENUE**

12      5.      Venue as to P.F. CHANG'S is proper in this court under California Code of Civil

13  Procedure sections 395(a) and 395.5 because many of the acts herein complained of occurred in

14  the County of Riverside, and Plaintiffs' resulting injuries were sustained there.  Defendants own or

15  maintain two restaurants in the County of Riverside, transact business in the County of Riverside,

16  have an agent or agents within the County of Riverside, and are otherwise found within the

17  County of Riverside.  The unlawful acts alleged herein have had a direct effect on Plaintiffs and

18  Defendants' California-based current and former employees, and occurred within the State of

19  California and also within Riverside County.  Defendants employ, employed, and or will employ

20  aggrieved non-exempt employees in Riverside County and other counties within California.

21

22                              **PARTIES**

23      6.      At all material times, Plaintiffs were residents of the Counties of Riverside, San

24  Bernardino, Los Angeles, and Orange, in the State of California.  With the exception of

25  MADELENE GELEDZHYAN, each plaintiff is a former employee of Defendants.

26      7.      At all material times, P.F. CHANG'S employed Plaintiffs.  P.F. CHANG'S is an

27  international restaurant chain with two restaurant locations within the County of Riverside,

28  California, where many of the events alleged in this complaint arose.

-2-
PAGA REPRESENTATIVE ACTION COMPLAINT

8.     At all material times, P.F. CHANG'S conducted business within the County of Riverside, in the State of California. All acts described herein occurred at no less than four of Defendants' California restaurants: Riverside, Chino Hills, Beverly Hills, and Anaheim.

9.     Under California Labor Code section 2698, *et seq.*, Plaintiffs currently represent themselves individually and all other current and former California non-exempt employees concerning claims against Defendants in this representative action. P.F. CHANG'S was the employer of Plaintiffs and all of its other current and former non-exempt employees in the State of California during the applicable statutory period.

10.     Plaintiffs are ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged of Defendants sued as DOES 1 through 50, inclusive; but on information and belief, allege that Defendants are legally responsible for the payment of penalties and damages to Plaintiffs and to Defendants' other current and former California non-exempt employees by virtue of Defendants' unlawful actions and practices and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of the DOE defendants when ascertained.

11.     Plaintiffs are informed and believe, and based thereon allege that Defendants acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. On information and belief, a unity of interest and ownership between each defendant exists such that all defendants acted as a single employer of Plaintiffs and the other of their current and former non-exempt employees in California.

## PAGA ALLEGATIONS

12.     Plaintiffs hereby incorporate by reference each and every one of the preceding paragraphs above as though fully set forth herein.

13.     During Plaintiffs' employment with Defendants, Defendants engaged in numerous misleading, deceptive, and unlawful practices which undercompensated Plaintiffs and Defendants' other non-exempt California employees, all in violation of the California Labor Code as more

PAGA REPRESENTATIVE ACTION COMPLAINT

1    specifically described in the paragraphs under each Cause of Action delineated in this Complaint.

2          14.     Plaintiffs bring this action on behalf of themselves individually and on behalf of all

3    other of Defendants' current and former non-exempt employees in the State of California under

4    the PAGA, California Labor Code sections 2698, *et seq.*  More specifically, the groups of

5    employees that Plaintiffs have been appointed by the State of California to represent in the

6    capacity of private attorneys general are as follows:

7          All current, former, or prospective non-exempt employees of Defendants in the
           State of California who were not relieved of all duties for a *first* meal period by
8          the end of the fifth hour of work and or a *second* meal period by the end of the
           tenth hour of work, and who were not compensated with one hour of pay for all
9          such instances any time during their employment with Defendants from
           November 19, 2011 up to and including trial for this matter. ("Represented
10         Employee Group No. 1");

11         All current, former, or prospective non-exempt employees of Defendants in the
           State of California who did not receive a *first* paid 10 minute rest period during
12         shifts of greater than 3.5 but less than 6 hours, a *second* rest period during shifts
           greater than 6 hours but less than 8 hours, or a *third* rest period during shifts
13         greater than 10 hours but less than 12 hours, any time during their employment
           with Defendants from November 19, 2011 up to and including trial in this
14         matter. ("Represented Employee Group No. 2");

15         All current, former, or prospective non-exempt employees of Defendants in the
           State of California who were not paid at least minimum wage for all time they
16         actually worked for Defendants from November 19, 2011 up to and including
           trial for this matter. ("Represented Employee Group No 3");
17
           All current, former, or prospective non-exempt employees of Defendants in the
18         State of California who were not paid one and one-half times their regular rate of
           pay for all time they worked for Defendants in excess of 8 hours per day or 40
19         hours per week, or twice their regular rate of pay for all time worked for
           Defendants in excess of 12 hours per day, from November 19, 2011 up to and
20         including trial for this matter. ("Represented Employee Group No 4");

21         All current, former, or prospective non-exempt employees of Defendants in the
           State of California who worked one or more split shifts for Defendants from
22         November 19, 2011 up to and including trial for this matter, but who were not
           compensated with one hour of pay for all such shifts. ("Represented Employee
23         Group No. 5");

24         All current, former, or prospective non-exempt employees of Defendants in the
           State of California who worked one or more shifts where they were sent home
25         before working half of their scheduled shift, but without being paid for half of
           their usual or scheduled day's work, but in no event less than two hours nor
26         more than four hours, at the employee's regular rate of pay from November 19,
           2011 up to and including trial for this matter. ("Represented Employee Group
27         No. 6");

28         All current, former, or prospective non-exempt employees of Defendants in the
           State of California who have not been provided accurate itemized wage

                                          -4-
                    PAGA REPRESENTATIVE ACTION COMPLAINT

1  statements in violation of the California Labor Code and applicable wage orders
   during any time from November 19, 2011 up to and including the time of trial
2  for this matter. ("Represented Employee Group No 7");

3  All current, former, or prospective non-exempt employees of Defendants in the
   State of California from whom Defendants collected, received, or shared in
4  wages belonging to the employee in violation of California Labor Code sections
   221, 350, and 351 from November 19, 2011 up to and including trial in this
5  matter. ("Represented Employee Group No. 8");

6  All former non-exempt employees of Defendants in the State of California who
   were not provided timely payments of all final wages upon separation of
7  employment with Defendants in violation of California Labor Code sections 201,
   202, and 203 from November 19, 2011 up to and including trial in this matter.
8  ("Represented Employee Group No. 9").

9      15.    Represented Employee Group Nos. 1 through 9 shall be collectively referred to

10 herein as the "Represented Employees".  Plaintiffs and the Represented Employees were each

11 aggrieved in that Defendants violated all of the California Labor Codes and IWC Wage Orders

12 cited as follows:

13         a.    Defendants failed to maintain legally compliant meal and rest period

14               policies.  As a result, Plaintiffs and other of Defendants' non-exempt

15               employees were not provided legally compliant and timely meal and rest

16               periods; nor were they provided meal and rest period premium payments in

17               lieu thereof.  Additionally, Defendants forced Plaintiffs and their other non-

18               exempt employees to perform work during their breaks.

19         b.    Defendants restricted Plaintiffs and their other non-exempt employees from

20               recording or reporting all of their actual regular and overtime worked.

21         c.    Defendants failed to maintain a legally compliant split-shift interval policy.

22               As a result, Defendants did not issue a premium payment to Plaintiffs and

23               their other non-exempt employees for all work shifts they worked split shift

24               intervals.

25         d.    Defendants caused Plaintiffs and their other non-exempt employees to leave

26               work prior to working half of their scheduled shifts, and then failed to pay

27               those employees reporting time pay (i.e., half of their usual or scheduled

28               day's work, but in no event less than two hours nor more than four hours, at

-5-
PAGA REPRESENTATIVE ACTION COMPLAINT

1                    the employee's regular rate of pay).

2           e.      Defendants pay their non-exempt employees twice per month.  But, the

3                    wage statements Defendants have furnished to Plaintiffs and their other

4                    non-exempt employees fail to itemize all applicable hours and hourly rates

5                    of pay, including the applicable overtime rates, as required by California

6                    Labor Code sections 226(a) and 1174, and the IWC Wage Order 5-2001(7).

7                    These deficient wage statements prevent Plaintiffs and Defendants' other

8                    non-exempt employees from being able to determine whether they are being

9                    paid correctly for all overtime worked.

10          f.      Defendants required plaintiffs Hunter Kidner and Lizette Vargas and other

11                    non-exempt employees to claim a minimum of 15% of their sales as tips,

12                    regardless of the amount of tips actually received, which resulted in

13                    employees over-reporting their tips in violation of California Labor Code

14                    sections 221, 350, and 351.

15          g.      Defendants failed to timely pay certain plaintiffs Hunter Kidner, Lizette

16                    Vargas, and Samantha Kidner all final wages owed upon ending their

17                    employment.  Nor did Defendants pay those plaintiffs any of the payments

18                    required for untimely final wage statements under California Labor Code

19                    section 203.

20     16.      On behalf of themselves individually and the Represented Employees, Plaintiffs

21  seek, among other things, penalties, attorney's fees, costs, interest, and expenses under the

22  California Labor Code and IWC Wage Orders.

23

24                           **FIRST CAUSE OF ACTION**
**FOR FAILURE TO PROVIDE MEAL PERIODS**
(Against All Defendants)

25                      [Violation of California Labor Code §§ 226.7, 512]

26     17.      Plaintiffs, on behalf of themselves and Represented Employees, re-allege and

27  incorporate by reference, as though fully set forth herein, all of the preceding paragraphs of this

28  PAGA Representative Action Complaint.

1     18.     Plaintiffs, for themselves and Represented Employee Group No. 1 plead this cause
2  of action against Defendants.

3     19.     California Labor Code section 512 provides that no employer shall employ any
4  person for a work period of more than five (5) hours without one duty free meal period of not less
5  than thirty (30) minutes.

6     20.     IWC Wage Order 5-2001(11)(A) and California Code of Regulation, Title 8,
7  section 11050(11)(A) require that employers authorize and permit all employees to take a duty
8  free meal period of at least thirty (30) minutes within the first five (5) hours of their shift.

9     21.     IWC Wage Order 5-2001(11)(B) and California Code of Regulations, Title 8,
10  section 11050(B), provide that if an employer fails to provide an employee a duty free meal period
11  in accordance with this section, the employer shall pay the employee one (1) hour of pay at the
12  employee's regular rate of compensation for each workday that the meal period is not provided.

13     22.     Plaintiffs and Represented Employee Group No. 1 are entitled to damages under
14  California Labor Code section 226.7 of one additional hour of pay at the employee's regular rate
15  of pay for each duty free meal period that was not provided.

16     23.     Defendants, and each of them, have intentionally and improperly denied meal
17  periods to Plaintiffs and Represented Employee Group No. 1 in violation of all applicable Wage
18  Orders, California Regulations, and California Labor Code sections.

19     24.     For at least three years preceding the filing of this action, Defendants failed to
20  provide Plaintiffs and Represented Employee Group No. 1 meal periods as required by law.
21  Furthermore, Defendants attempted to conceal their employees' rights under California Labor
22  Code section 512 by using vague, ambiguous, and thus facially incompliant, language in their
23  Employee Handbook and Employee Training Presentation.

24     25.     With regards to employee meal and rest periods, Defendants' Employee Handbook
25  simply states: "P.F. Chang's China Bistro will comply with all state labor laws to provide hourly
26  Employees with required Meal Periods and Rest Breaks."

27     26.     Concerning employee meal periods, Defendants' Employee Training Presentation
28  notifies its employees that: "For shifts of at least 5 hours but less than 6 hours: we must provide a

-7-
PAGA REPRESENTATIVE ACTION COMPLAINT

1    30 minute unpaid meal break, but it can be waived" and "For shifts of 6 hours or more: we must

2    provide a 30 minute unpaid meal break, and it CANNOT be waived."

3        27.    Defendants' statements regarding employee meal periods are facially incompliant

4    with applicable California Regulations, California Labor Law, and California Wage Orders.

5    Defendants' written policies do not inform non-exempt employees that their meal period must be

6    taken within the first five (5) hours of their shifts as required by IWC Wage Order 5-2001(11)(B)

7    and California Code of Regulations, Title 8, section 11050(B).

8        28.    In addition, Defendants required Plaintiffs and Represented Employee Group No. 1

9    to sign illegal meal period waiver agreements, styled "California Meal Period Waiver Agreement"

10   (the "Agreement"), whereby Defendants' California non-exempt employees would purportedly not

11   just waive their rights to a meal period during all shifts of 6 hours or less but would also

12   characterize every meal period they were entitled to take as "on duty" meal periods, without any

13   regard for its employees' job duties.  The California Code of Regulations specifically provides that

14   any employee not relieved of "all duty during a 30 minute meal period" qualifies as having taken

15   an "on duty meal period," which counts towards time worked.  (8 CCR § 11050, at ¶ 11(A).)  Such

16   "on duty" meal periods are only permitted "when the **nature of the work** prevents an employee

17   from being relieved of all duty and when by written agreement between the parties an on-the-job

18   paid meal period **is agreed to**." (*Id.*, emphases added.)  The Department of Labor Standards

19   Enforcement ("DLSE") has identified several factors to consider when determining whether "the

20   nature of the work" is sufficient to permit an on-duty meal period agreement, which include: (1)

21   the type of work, (2) the availability of other employees to provide relief to an employee during a

22   meal period, (3) the potential consequences to the employer if the employee is relieved of all duty,

23   (4) the ability of the employer to anticipate and mitigate these consequences such as by scheduling

24   the work in a manner that would allow the employee to take an off-duty meal period, and (5)

25   whether the work product or process will be destroyed or damaged by relieving the employee of

26   all duty. (DLSE Opinion Letter 2009.06.09, at p. 7.)

27       29.    The nature of the work at P.F. CHANG'S is not sufficient to prevent any of

28   Defendants' California non-exempt employees from taking their meal periods, yet Defendants

1    characterized every single meal period as an "on duty" meal period. None of the aforementioned

2    factors permit P.F. CHANG'S to enter into an on-duty meal period agreement with any of its non-

3    exempt employees. Plaintiffs and the Represented Employees worked in ordinary restaurant

4    customer service. Furthermore, the "on duty" meal period provision of the Agreement was not

5    voluntarily agreed to by Plaintiffs and the Represented Employees. For all of these reasons the

6    "on duty" provision in the Agreement is illegal.

7            30.    Not only is such an "on duty" meal period provision in the Agreement illegal, but

8    so too is the "waiver" provision of the Agreement. The California Code of Regulations explicitly

9    states that any permissible waiver of a meal period for an employee working more than five but

10   less than six hours must be by *mutual consent.* (8 CCR § 11050, at ¶ 11(A), emphases added.)

11   However, the employee handbook P.F. CHANG'S issued to its non-exempt California employees

12   states: "Employees who choose not to take their breaks, or are prohibited from taking the

13   necessary breaks due to business conditions, must sign a waiver indicating that they voluntarily

14   waived their break." (Emphasis added.) Thus, P.F. CHANG'S informs its non-exempt employees

15   that, per policy, no matter what, the Agreement must be signed. It is therefore **not voluntary**.

16           31.    By virtue of Defendants' unlawful failure to provide timely and compliant meal

17   periods to Plaintiffs and Represented Employee Group No. 1, Plaintiffs and Represented

18   Employee Group No. 1 have incurred, and will continue to incur, damages in amounts which are

19   presently unknown to Plaintiffs, but which exceed the jurisdictional limits of this Court and which

20   will be ascertained according to proof at trial.

21           32.    Plaintiffs and Representative Employee Group No. 1 are informed, believe, and

22   based upon that information and belief allege that Defendants, and each of them, purposely and

23   knowingly elected not to compensate Plaintiffs and Represented Employee Group No. 1 an

24   additional hour of pay at their regular rate during the occasions they worked more than 5 straight

25   hours without a first timely and duty free meal period or more than 10 straight hours without a

26   second timely and duty free meal period.

27           33.    Defendants, and each of them, acted intentionally, oppressively and maliciously

28   toward Plaintiffs and Represented Employee Group No. 1 with a conscious disregard of their

-9-

PAGA REPRESENTATIVE ACTION COMPLAINT

1  rights, or the consequences to Plaintiffs and the Represented Employee Group No. 1, with the

2  intent of depriving its non-exempt employees of property and legal rights and otherwise causing

3  Plaintiffs and Represented Employee Group No. 1's injury.  Additionally, Plaintiffs and

4  Represented Employee Group No. 1 are entitled to seek and recover reasonable attorneys' fees and

5  costs under California Labor Code sections 218.5, 218.6, and 1198, and penalties under California

6  Labor Code sections 203, 226.7, and 558.

7
8  
9  

**SECOND CAUSE OF ACTION**
**FOR FAILURE TO PROVIDE REST PERIODS**
(Against All Defendants)
[Violation of California Labor Code § 226.7]

10      34.    Plaintiffs, on behalf of themselves and Represented Employees, re-allege and

11  incorporate by reference, as though fully set forth herein, all of the preceding paragraphs of this

12  PAGA Representative Action Complaint.

13      35.    Plaintiffs, for themselves and on behalf of Represented Employee Group No. 2

14  plead this cause of action against Defendants.

15      36.    California Code of Regulations, Title 8, section 11050(12) requires that employers

16  authorize and permit all employees to take rest periods at the rate of ten (10) minutes for every

17  four (4) hours of work, or major fraction thereof.

18      37.    California Code of Regulations, Title 8, section 11050(12)(B) provides that if an

19  employer fails to provide an employee rest periods in accordance with this section, the employer

20  shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for

21  each workday that the rest period is not provided.  This remedy is codified under California Labor

22  Code section 226.7.

23      38.    For at least three years preceding the filing of this action, Defendants failed to

24  provide Plaintiffs and Represented Employee Group No. 2 rest periods as required by law.

25      39.    Defendants, and each of them, have intentionally and improperly denied rest

26  periods to Plaintiffs and to Represented Employee Group No. 2 in violation of California Code of

27  Regulations, Title 8, section 11050(12).  Furthermore, Defendants attempted to conceal their

28  employees' rights concerning mandated rest periods by using vague, ambiguous, misleading, and

-10-

PAGA REPRESENTATIVE ACTION COMPLAINT

1    thus facially incompliant, language in their Employee Handbook and Employee Training

2    Presentation.

3         40.    With regards to employee meal and rest periods, Defendants' Employee Handbook

4    simply states: "P.F. Chang's China Bistro will comply with all state labor laws to provide hourly

5    Employees with required Meal Periods and Rest Breaks."  Concerning employee rest periods,

6    Defendants' Employee Training Presentation notifies its employees that: "Employees are provided

7    one paid ten-minute break for each four hours worked."

8         41.    Defendants' statements regarding employee rest periods are facially incompliant

9    with applicable California Regulations, California Labor Law, and California Wage Orders.

10   Defendants' written policies do not inform employees that the employee must offer a ten-minute

11   rest period for each four hours worked, *or major fraction thereof,* as is mandated by California

12   Code of Regulations, Title 8, section 11050(12).

13        42.    By virtue of Defendants' unlawful failure to provide rest periods to Plaintiffs and

14   Represented Employee Group No. 2, Plaintiffs and Represented Employee Group No. 2 have

15   incurred, and will continue to incur, damages in amounts which are presently unknown to

16   Plaintiffs, but which exceed the jurisdictional limits of this Court and which will be ascertained

17   according to proof at trial.  For example, as a result of Defendants' aforementioned policies and

18   practices, each of Plaintiffs have not received timely and compliant 10-minute duty free rest

19   periods on numerous occasions.  On information and belief, the same is true for the members of

20   Represented Employee Group No. 2.

21        43.    Plaintiffs are informed and believe, and based upon that information and belief

22   allege, that Defendants, and each of them, knew or should have known that Plaintiffs and

23   Represented Employee Group No. 2 were entitled to rest periods and purposely elected not to

24   provide them with rest periods as required by the California Labor Code.

25   ///

26   ///

27   ///

28   ///

44.     Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiffs and Represented Employee Group No. 2 with a conscious disregard of their rights, or the consequences to Plaintiffs and Represented Employee Group No. 2, with the intent of depriving Plaintiffs and Represented Employee Group No. 2 of property and legal rights and otherwise causing Plaintiffs and Represented Employee Group No. 2 harm.

45.     Plaintiffs, for themselves, and on behalf of Represented Employee Group No. 2, request recovery of rest period compensation under all applicable IWC Wage Orders and California Code of Regulations, as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the California Labor Code and or other statutes.

46.     Further, Plaintiffs and Represented Employee Group No. 2 are entitled to seek and recover reasonable attorneys' fees and costs under California Labor Code sections 218.5 and 1194, and penalties under California Labor Code sections 203, 226, and 558.

### THIRD CAUSE OF ACTION
**FOR FAILURE TO PAY ALL WAGES AND FAILURE TO PAY MINIMUM WAGES**
(Against all Defendants)
[Violations of California Labor Code §§ 204, 1194, 1198, 1194.2, and 1197]

47.     Plaintiffs, on behalf of themselves and Represented Employees, re-allege and incorporate by reference, as though fully set forth herein, all of the preceding paragraphs of this PAGA Representative Action Complaint.

48.     This cause of action is brought by Plaintiffs, for themselves and on behalf of Represented Employee Group No. 3 plead this cause of action against Defendants.

49.     California Labor Code section 1198 provides that it is unlawful to employ persons for longer than the hours set by the IWC without just compensation. Likewise, it is unlawful to employ non-exempt employees in California without compensating them for all hours worked. (*See* Cal. Labor Code § 204.) And, under California Labor Code sections 1194, 1194.2, and 1197, it is unlawful for an employer to suffer or permit a California employee to work without paying wages at the proper minimum wage for all time worked, as required by the applicable IWC Wage

1  Order.  Under IWC Wage Order 5-2001(2)(K), within the restaurant industry, the term "hours

2  worked" means "the time during which an employee is suffered or permitted to work for the

3  employer, whether or not required to do so."

4       50.  Defendants, and each of them, improperly failed to pay all wages earned by

5  Plaintiffs and Represented Employee Group No. 3 because these employees suffered and or were

6  permitted to work for Defendants without compensation because of Defendants' policies and

7  practices.  Specifically, Defendants pressured Plaintiffs and Represented Employee Group No. 3

8  to clock-out but continue working to avoid being reprimanded for not having completed their

9  assigned tasks—such as "side work"[1] —within their assigned work hours.  In fact, if Plaintiffs or

10  Represented Employe Group No. 3 failed to clock-out and continue their "side work," Defendants

11  would issue them written reprimands.  As another example, Defendants did not pay Plaintiffs and

12  Represented Employee Group No. 3 for the time Defendants required them to attend mandatory

13  work meetings, even though Defendants would fire or reprimand Plaintiffs and Represented

14  Employee Group No. 3 if they did not attend such meetings.

15       51.  Therefore, Defendants failed to pay Plaintiffs and Represented Employee Group

16  No. 3 for all hours worked or at the minimum wage for all time worked.  As a result, Plaintiffs and

17  Represented Employee Group No. 3 are entitled to recover compensation dating back to

18  November 19, 2011, plus reasonable attorneys' fees and costs of suit under California Labor Code

19  sections 218.5 and 1194, and penalties under California Labor Code sections 203, 226, and 558.

20
21  **FOURTH CAUSE OF ACTION**
   **FOR FAILURE TO PAY ALL OVERTIME WORKED**
   (Against all Defendants)
22  [Violations of California Labor Code §§ 510, 1194, and IWC Wage Order 5-2001]

23       52.  Plaintiffs, on behalf of themselves and Represented Employees, re-allege and

24  incorporate by reference, as though fully set forth herein, all of the preceding paragraphs of this

25  PAGA Representative Action Complaint.

26

27  _____

1  Defendants assigned each non-exempt employee daily "side work," which consisted of
28  having a different daily task to complete such as rolling silverware into napkins; filling soy sauce,
   vinegar, and chile oil bottles; taking candles off of the tables; cleaning up the break room; filling
   up the sugar caddies; cleaning the soda machines; or stocking straws, cups, and to-go boxes.

-13-

1    53.   This cause of action is brought by Plaintiffs, for themselves and Represented

2 Employee Group No. 4 plead this cause of action against Defendants.

3    54.   California Labor Code section 510 states, *inter alia*, that any work in excess of

4 eight hours in one workday and any work in excess of 40 hours in any one workweek and the first

5 eight hours worked on the seventh day of work in any one workweek shall be compensated at the

6 rate of no less than one and one-half times the regular rate of pay for an employee; and any work

7 in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular

8 rate of pay for an employee.  California Labor Code section 1194 states that any employee

9 receiving less than the legal minimum wage or the legal overtime compensation applicable to the

10 employee is entitled to recover in a civil action the unpaid balance of the full amount of the

11 overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

12    55.   Defendants failed to pay Plaintiffs and Represented Employee Group No. 4 all

13 overtime worked at one-and-one-half times the regular rate of pay, and or twice the regular rate of

14 pay.  Defendants did so by pressuring Plaintiffs and Represented Employee Group No. 4 to

15 document less hours than they knowingly worked.  For example, Defendants failed to calculate,

16 account for, and credit Plaintiffs and member of Represented Employee Group No. 4 for all time

17 worked; Defendants failed to accurately calculate Plaintiffs' and Represented Employee Group

18 No. 4's overtime hours according to the correct regular rate of pay; and Defendants failed to pay

19 all monies owed to Plaintiffs and Represented Employee Group No. 4 for all time and overtime

20 worked.

21    56.   Additionally, Defendants pressured their non-exempt employees to complete their

22 daily tasks—such as assigned "side work"—and also clock-out within their scheduled time so that

23 Defendants would not have to pay overtime wages.  As a result, Defendants frequently required

24 Plaintiffs and Represented Employee Group No. 4 to clock out and complete certain tasks off the

25 clock because if they failed to clock-out on time, Defendants would reprimand them.

26    57.   In addition to forced off-the-clock work, on the occasions where Plaintiffs and

27 Represented Employee Group No. 4 recorded some of their overtime hours, their managers would

28 go into the timekeeping system and delete the recorded overtime.  Certain Plaintiffs and other

1   Represented Employees witnessed managers use their cards to edit employees' end of shift clock-

2   out times on the registers, so that their time records were revised not to reflect an employee's

3   overtime worked.

4        58.    Therefore, Defendants failed to pay Plaintiffs and Represented Employee Group

5   No. 4 for all overtime hours worked at one-and-one-half times the regular rate, and or twice the

6   regular rate, as the case may be.  As a result, Plaintiffs and Represented Employee Group No. 4

7   are entitled to recover unpaid overtime compensation dating back to November 19, 2011, plus

8   reasonable attorneys' fees and costs of suit under California Labor Code sections 510 and 1194,

9   and IWC Wage Order 5-2001.

10

11   **FIFTH CAUSE OF ACTION**
    **FOR FAILURE TO PAY SPLIT-SHIFT PREMIUMS**
    (Against all Defendants)

12   [Violations of California Labor Code §§ 1194 and 1198, and IWC Wage Order 5-2001(4)]

13        59.    Plaintiffs, on behalf of themselves and the Represented Employees, re-allege and

14   incorporate by reference, as though fully set forth herein, all of the preceding paragraphs of this

15   PAGA Representative Action Complaint.

16        60.    Plaintiffs, for themselves and on behalf of Represented Employee Group No. 5,

17   plead this cause of action against Defendants.

18        61.    IWC Wage Order 5-2001(4) and California Code of Regulations, title 8, section

19   11050(4) require employers to pay an employee an extra hour of pay whenever that employee

20   works a split-shift.  California Labor Code section 1198 codifies the IWC's Wage Orders.

21   Further, California Labor Code section 1194, governing claims for unpaid minimum wages or

22   overtime compensation, is violated where one hour of pay at the minimum wage is not issued to

23   an employee who has worked a split-shift. (*See, e.g., Aleman v. Airtouch Cellular* (2012) 209

24   Cal.App.4th 556, 581-582 ["[A]n action for recovery of split shift compensation is governed

25   by section 1194. . . " and qualifies as a wage action]; *see also* 8 CCR § 11040(4)(A)-(C).)

26   ///

27   ///

28   ///

1    62.    Defendants had no policy of compensating their employees for split-shift intervals.

2  Defendants' lack of a policy caused Plaintiffs and Represented Employee Group No. 5 to be

3  harmed in that they were never compensated an additional hour of pay during the occasions they

4  worked split shift intervals.

5    63.    Plaintiffs and Represented Employee Group No. 5 would frequently be required to

6  report to work in the morning, work a shift, clock-out, and then return later to work the dinner

7  shift that Defendants scheduled them to work.  In fact, certain Plaintiffs worked a split-shift on

8  numerous occasions during which time Defendants would require Plaintiffs and other Represented

9  Employee Group No. 5 to clock out for over an hour before clocking-in to work the second shift.

10  When this occurred, Defendants never paid Plaintiffs or Represented Employee Group No. 5 a

11  split-shift premium—i.e., an hour of additional pay at their regular rate of pay.  In fact, Defendants

12  never informed Plaintiffs nor Represented Employee Group No. 5 that they were entitled to such a

13  premium.

14    64.    Thus, Defendants intentionally and improperly denied payment of an extra hour of

15  pay to Plaintiffs and Represented Employee Group No. 5 when Defendants required them to work

16  split shifts in violation of IWC Wage-Order 5(4) and California Code of Regulations, title 8,

17  section 11050(4).  As a result, Plaintiffs and Represented Employee Group No. 5 are entitled to

18  recover split shift premiums dating back to November 19, 2011, plus statutory penalties and

19  reasonable attorneys' fees and costs of suit under California Labor Code sections 1194 and 1198,

20  and IWC Wage Order 5-2001(4), as well as interest under California Labor Code section 218.6.

21

22                          **SIXTH CAUSE OF ACTION**
                 **FOR FAILURE TO PAY REPORTING TIME WAGES**
                            (Against all Defendants)
23       [Violations of California Labor Code §§ 204 and 1198 and IWC Wage Order 5-2001(5)]

24    65.    Plaintiffs, on behalf of themselves and the Represented Employees, re-allege and

25  incorporate by reference, as though fully set forth herein, all of the preceding paragraphs of this

26  PAGA Representative Action Complaint.

27    66.    Plaintiffs, for themselves and on behalf of Represented Employee Group No. 6,

28  plead this cause of action against Defendants.

-16-

1      67.    IWC Wage Order 5-2001(5) and California Code of Regulations, title 8, section

2  11050(5) require employers to pay employees for half of their usual or scheduled day's work, but

3  in no event less than two hours nor more than four hours, at the employee's regular rate of pay, for

4  each workday that an employee is required to report to work and does report, but is not put to

5  work, or is furnished less than half of the employee's usual or scheduled day's work.  California

6  Labor Code section 1198 codifies the IWC's Wage Orders.  Further, California Labor Code

7  section 204(a) requires employers to pay employees all wages earned, including reporting time

8  wages.

9      68.    Defendants failed to pay Plaintiffs and Represented Employee Group No. 6

10  reporting time pay in violation of the California Labor Code, IWC Wage Order 5-2001, and the

11  California Code of Regulations for shifts they worked where Defendants furnished less than half

12  of their usual or scheduled day's work.  For example, Defendants would schedule Plaintiffs and

13  Represented Employee Group No. 6 to work a total of approximately 8 hours in a given shift.  But

14  then, after Plaintiffs and Representative Employee Group No. 6 showed up and began work,

15  Defendants would send them home for the rest of the day after only the first 3 hours of their shifts.

16  Whenever this occurred, Defendants only paid Plaintiffs and Represented Employee Group No. 6

17  for the hours actually worked and did not pay them any reporting time pay.

18      69.    Thus, Defendants owe Plaintiffs and Represented Employee Group No. 6 the two

19  to four hours of pay at their regular rates of pay which they were entitled to for the shifts where

20  they reported to work but were furnished less than half of their usual or scheduled day's work.  As

21  a result, Plaintiffs and the Represented Employee Group No. 6 are entitled to recover reporting

22  time pay dating back to November 19, 2011, plus reasonable attorneys' fees and costs of suit

23  under California Labor Code sections 204 and 1198, and IWC Wage Order 5-2001(5).

24  ///

25  ///

26  ///

27  ///

28  ///

**SEVENTH CAUSE OF ACTION**
**ILLEGAL WAGE STATEMENTS**
(Against All Defendants)
[Violations of California Labor Code §§ 226 and 1174]

70.     Plaintiffs, on behalf of themselves and Represented Employees, re-allege and incorporate by reference, as though fully set forth herein, all of the preceding paragraphs of this PAGA Representative Action Complaint.

71.     Plaintiffs, for themselves and on behalf of Represented Employees plead this cause of action against Defendants.

72.     California Labor Code section 226, subdivision (a), requires employers semimonthly or at the time of each payment of wages to furnish each employee with an accurate statement itemizing in writing, among other things, all applicable hourly rates in effect during the pay period and the number of hours worked at each hourly rate.  California Labor Code section 226(e) provides that if an employer knowingly and intentionally fails to provide an accurate statement itemizing, among other things, all applicable hourly rates and the number of hours worked at each rate, then the employee is entitled to recover the greater of all actual damages or fifty ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation up to four thousand dollars ($4,000).  The one hour of pay an employer must pay to its employees for violations of California Labor Code section 226.7 are regarded as wages. (*Murphy v. Kenneth Cole Productions* (2007) 40 Cal.4th 1094, 1120.)

73.     Defendants knowingly and intentionally failed to furnish Plaintiffs and Represented Employee Group No. 7 with accurate itemized wage statements showing all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate in violation of California Labor Code section 226(a)(9).  For example, during pay periods where an employee worked overtime, Defendants furnished itemized wage statements failing to identify the correct hourly overtime rate, if any was identified at all.

74.     Further, from September 2012 and a period of time thereafter, Defendants failed to provide Plaintiffs and Represented Employee Group No. 7 with any written wage statement whatsoever at the time of payment and began merely maintaining these wage statements in its own

-18-
PAGA REPRESENTATIVE ACTION COMPLAINT

1    internal electronic database. While employers may use electronic wage statements, they may only

2    do so where the employee (1) has the right to receive a written pay stub and (2) can easily access

3    the information and convert it to hard copy at no cost to the employee. (*See* Dixon, *supra, Wage*

4    *and Hour: Law and Litigation* at § 5.6 [citing DLSE Opinion Letter 2006.07.06].) Defendants

5    neither provided its non-exempt employees with the option to receive physical wage statements

6    nor provided its employees a computer to print wage statements at no cost to the employee, in

7    violation of California Labor Code section 226. A substantial portion of Defendants' employees

8    are incapable of accessing such electronically stored statements because they lack access to a

9    computer. Further, the employees that were able to access the information because they had a

10   personal computer found the program difficult to use.

11          75.      Plaintiffs and Represented Employee Group No. 7 have suffered injuries as a result

12   of these violations, to wit: (1) they cannot determine whether they have been paid at the correct

13   applicable hourly rate, including the accurate overtime rate; (2) they are unable to determine

14   whether they have been paid accurately for all overtime they are entitled to; (3) they are hindered

15   or prevented from challenging the overtime rate Defendants paid; (4) they are unable to determine

16   whether they received all wages Defendants owed to them; (5) they have difficulty and have

17   incurred expense with respect to reconstructing accurate pay records; (6) they are forced to make

18   mathematical computations to analyze whether the wages paid in fact compensated them for all

19   regular and overtime hours worked; (7) they have been unable to readily determine any of the

20   information that is required by California Labor Code section 226(a) to be included in a wage

21   statement, including the gross wages earned, the total hours worked, all deductions, the net wages

22   earned, the inclusive dates of the applicable, and the name of the legal entity who is the employer

23   from and after approximately September 2012; and (8) they had to file this lawsuit to seek redress

24   for Defendants' wage statement violations. Therefore, Defendants are liable to Plaintiffs and

25   Represented Employee Group No. 7 for the amounts provided by California Labor Code section

26   226(e), plus costs and reasonable attorneys' fees.

27          76.      In addition, Defendants' issued wage statements to Plaintiffs and Represented

28   Employee Group No. 7 that also violated California Labor Code section 226 as a result of all of

1   Defendants' other wage and hour violations described in the first 6 causes of action, above. As a

2   result, Defendants have necessarily failed to include an accurate representation of the gross and

3   net wages owed, the correct regular rate of pay, and the overtime rate on their non-exempt

4   employees' wage statements; thus, Defendants have violated California Labor Code section

5   226(a).

6       77.   Plaintiffs and Represented Employee Group No. 7 also seek and request, under

7   California Labor Code section 226(g), injunctive relief to ensure Defendants' compliance with

8   section 226(a), namely, that (i) Defendants discontinue their practice of failing and refusing to

9   furnish any written wage statements to Represented Employees, and (ii) Defendants furnish

10  written itemized wage statements to Represented Employees that accurately list all applicable

11  hourly rates in effect during the pay period and the number of hours worked at each hourly rate.

12  Plaintiffs also request an award of costs and reasonable attorneys' fees.

13

14                          **EIGHTH CAUSE OF ACTION**
15              **FOR UNLAWFUL REPAYMENT OF WAGES TO EMPLOYER**
                              (Against all Defendants)
16              [Violation of California Labor Code §§ 221, 350, and 351]

17      78.   Plaintiffs, on behalf of themselves and Represented Employees, re-allege and

18  incorporate by reference, as though fully set forth herein, all of the preceding paragraphs of this

19  PAGA Representative Action Complaint.

20      79.   Plaintiffs, for themselves and on behalf of Represented Employee Group No. 8,

21  plead this cause of action against Defendants.

22      80.   California Labor Code section 221 makes it unlawful for an employer to collect or

23  receive from an employee any part of wages paid to said employee.  California Labor Code

24  section 350 provides that every gratuity or tip constitutes the sole property of an employee to

25  whom it was paid, given, or left.  "Under California law, an employer is not permitted to share in

26  any such tips left for employees or make deductions from an employee's wages because of those

27  tips." (Dixon, R. Brian, et al. (February 2014) *Wage and Hour: Law and Litigation*, § 5.20 [citing

28  Cal. Labor Code § 351].)  California Labor Code section 351 prohibits employers from: (1)

-20-
PAGA REPRESENTATIVE ACTION COMPLAINT

1  collecting, taking, or receiving any part of a gratuity "paid, given to, or left for an employee by a

2  patron," (2) deducting any amount from wages due to an employee because of a gratuity, or (3)

3  requiring any employee to credit any amount "of a gratuity against and as a part of the wages due

4  the employee from the employer." (Cal. Labor Code § 351.)

5       81.   P.F. Chang's deprived Plaintiffs Hunter Kidner and Lizette Vargas, as well as

6  Represented Employee Goup No. 8 of property and legal rights by encouraging and forcing them

7  to claim a minimum of 15% of the employee's sales as tips, regardless of the amount of tips the

8  employee actually received, resulting in employees over-reporting their tips when they, in fact,

9  received less than 15% of their sales as tips.  For example, if an employee made $100.00 in sales

10  during a shift but only received 10% of her sales in tips (i.e., $10.00), P.F. Chang's would require

11  that employee to claim that she received 15% of her sales in tips (i.e., $15.00)—which would be

12  deducting from her pay.  Where an employee's tips fell under 15% and that employee claimed his

13  or her actual amount of sales, the manager would publicly reprimand the employee by posting a

14  paper with that employee's name on the wall and would highlight the employee's tips and sales,

15  while writing comments like, "What's wrong with you?," "Don't make me see this again!," or

16  "Sucks to suck."  Additionally, the employee who failed to claim at least 15% would also be

17  scheduled in a low-traffic (i.e., low-tip) section of the restaurant and scheduled for fewer hours

18  and less busy hours, all as a means of reprimanding the employee.

19       82.   Thus, Defendants owe Plaintiffs and Represented Employee Group No. 8 damages

20  in an amount to be determined at trial and any penalties owed under the Labor Code as a result of

21  Defendant's violations of Labor Code sections 221, 350, and 351.

22

23                    **NINTH CAUSE OF ACTION**
       **FOR FAILURE TO PAY ALL WAGES DUE UPON ENDING EMPLOYMENT**
24                       (Against all Defendants)
            [Violation of California Labor Code §§ 201, 202, and 203]
25

26       83.   Plaintiffs, on behalf of themselves and the Represented Employees, re-allege and

27  incorporate by reference, as though fully set forth herein, all of the preceding paragraphs of this

    PAGA Representative Action Complaint.
28
    ///

                                    -21-

84.     Plaintiffs, for themselves and on behalf of Represented Employees plead this cause of action against Defendants.

85.     California Labor Code section 201 requires an employer remit payment of wages earned and unpaid immediately upon discharge.

86.     California Labor Code section 202 requires that if an employee quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.  California Labor Code section 202 requires that an employer remit payment to an employee who quits no later than 72 hours thereafter.

87.     Violations of California Labor Code sections 201 and 202 violate California Labor Code section 203.

88.     Plaintiffs and Represented Employee Group No. 9 quit or were discharged from their employment with Defendants and not paid timely.  Plaintiffs and the Represented Employees were not paid timely because Defendants failed to pay them all wages owed for all of the reasons described above.

89.     Additionally, Defendants failed to timely issue final paychecks to Plaintiffs and Represented Employee Group No. 9.  For example, on September 6, 2014, Defendants terminated Plaintiff Hunter Kidner, but she did not receive her final pay until two to three weeks later.  Ms. Hunter Kidner should have received her final paycheck the day she was terminated.  (Cal. Lab. Cod. § 201).  P.F. CHANG'S violated sections 201-203 by failing to pay pay all wages owed at the time of termination.  P.F. CHANG'S has engaged in this same practice towards other Represented Employees as well.

90.     Defendants failed to pay said employees any premium payments or timely payment pursuant to California Labor Code sections 201 and 202.  Thus, Defendants are liable for waiting time penalties.  Defendants' failure to pay said wages within the required time was willful within the meaning of California Labor Code section 203.

///

-22-
PAGA REPRESENTATIVE ACTION COMPLAINT

91.     Therefore, each of Plaintiffs and the Represented Employees are entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee.  Because none of said employees were ever compensated for meal and/or rest periods they missed, and were never paid other wages referred to in this PAGA Representative Action Complaint, Plaintiffs and the Represented Employees are each entitled to thirty days' wages.  Plaintiffs and the Represented Employees therefore request waiting time penalties for all Class Members no longer in Defendants' employ at the time of Judgment. Plaintiffs also request attorneys' fees and interest as a result of Defendant's violations of Labor Code §§ 201, 202, and 203.

## TENTH CAUSE OF ACTION

### LABOR CODE PRIVATE ATTORNEY GENERAL ACT ALLEGATIONS

(Against all Defendants)

[Violation of California Labor Code §§ 2698-2699.5]

92.     Plaintiffs, on behalf of themselves and the Represented Employees, re-allege and incorporate by reference, as though fully set forth herein, all of the preceding paragraphs of this PAGA Representative Action Complaint.

93.     Plaintiffs, for themselves and on behalf of all Represented Employees plead this cause of action against Defendants.

94.     Plaintiffs and the Represented Employees are 'aggrieved employee' under the California Labor Code Private Attorney General Act ("PAGA") as they were/are employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations alleged herein.  As such, they seek to recover, on behalf of themselves and all other current and former hourly employees of Defendants, the civil penalties provided by PAGA.

95.     Plaintiffs seek to recover the PAGA civil penalties through a representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 56 Cal.4th 969 (DJDAR 9631).  Therefore, Plaintiffs are not required to seek class certification of the PAGA claims. (*See also Brown v. Ralphs Grocery Store,* (2011) 197 Cal.App.4th 489, 494.)

-23-

96.     Pursuant to Labor Code §2699.3 (a), on November 19 and 20, 2014, Plaintiffs sent via certified U.S. mail written correspondence to the California Labor and Workplace Development Agency ("LWDA") and to P.F. CHANG'S in accordance with the Private Attorney General Act, concerning the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  As of the time of filing this PAGA Representative Action Complaint, more than 33 days have elapsed since providing the above-described written notice pursuant to Labor Code §2699.3, and the LWDA has never sent Plaintiffs any kind of written notice regarding their claims.  Therefore, Plaintiffs have satisfied the prerequisites to bringing a civil penalty action under PAGA (Labor Code § 2699.3(a)(2)(C).)

97.     As such, Plaintiffs represent the Represented Employees in this action and, pursuant to Labor Code §2699, Plaintiffs seek all applicable PAGA civil penalties for each current and former non-exempt employee of Defendants in the State of California during the applicable statute of limitations in which any and/or all of the above-described Labor Code violations occurred.   Plaintiffs also seek reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves individually and on behalf of the Represented Employees, pray for relief and judgment against Defendants, jointly and severally as follows:

a.      For all applicable statutory penalties under the First through Seventh Causes of Action provided for under the Labor Code sections cited herein;

b.      For injunctive relief under the Seventh and Eighth Causes of Action pursuant to Labor Code section 226(g), requiring Defendants to list, among other things, all applicable hourly rates in effect during the pay period and the number of hours worked at each hourly rate on the employees' wage statements;

c.      For reasonable attorney's fee and costs as provided for under the Labor Code sections cited herein;

d.      For all applicable civil penalties under the First and Second Causes of Action provided for by the California Labor Code Private Attorney General Act (Lab. C. §2698 et seq.) as

1    a result of Defendants' violations of the Labor Code as alleged herein;

2          e.      For reasonable attorney's fees and costs as provided for under the Labor Code Private

3    Attorney General Act;

4          f.      For interest pursuant to the Labor Code sections cited herein; and

5          g.      For such other relief as the Court deems just and proper.

6

7                            **DEMAND FOR JURY**

8          Plaintiffs hereby demand a jury trial.

9

10

11   Dated:  January 7, 2015                    **HOGUE & BELONG**

12                                       By: _____

13                                           JEFFREY L. HOGUE, ESQ.
                                             TYLER J. BELONG, ESQ.
14                                           BRYCE A. DODDS, ESQ.
                                             MARISSA C. MARXEN, ESQ.
15                                           Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      -25-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Tyler J. Belong, Esq. (SBN 234543) <br> HOGUE & BELONG <br> 430 Nutmeg Street, Second Floor <br> San Diego, CA 92103 | |

TELEPHONE NO.: (619) 238-4720    FAX NO.: (619) 238-5260

ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Riverside, 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Kidner, et al. v. P.F. Chang's China Bistro, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | ☐ Limited <br> (Amount <br> demanded is <br> $25,000 or less) | ☐ Counter ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | JUDGE: <br><br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 10
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 7, 2015

Tyler J. Belong, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**Exhibit A, Page 76**