# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 15-287 JGB (KKx)** | Date | May 21, 2015 |
|---|---|---|---|
| Title | *Hunter Kidner, et al. v. P.F. Chang's China Bistro, Inc.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Plaintiffs' Motion to Remand (Doc. No. 9); (2) DENYING Plaintiffs' Motion for Sanctions (Doc. No. 14); (3) VACATING the June 1, 2015 Hearing; and (4) REMANDING Action to the California Superior Court, County of Riverside (IN CHAMBERS)

Before the Court are Plaintiffs' Motion to Remand and Motion for Sanctions. (Doc. Nos. 9, 14.) The Court finds these matters appropriate for resolution without a hearing pursuant to Local Rule 7-15. After considering the papers timely filed in support of and in opposition to the motions, the Court GRANTS Plaintiffs' Motion to Remand, DENIES Plaintiffs' Motion for Sanctions, VACATES the June 1, 2015 hearing, and REMANDS the action.

## I.   BACKGROUND

Plaintiffs Hunter Kidner, Lizette Vargas, Samantha Kidner, and Madelene Geledzhyan ("Plaintiffs") filed this action against their employer, Defendant P.F. Chang's China Bistro, Inc. ("Defendant"), in the California Superior Court, County of Riverside on January 9, 2015. (Compl., Not. of Removal, Exh. A, Doc. No. 1.)

The Complaint, styled as a "PAGA Representative Action," alleges nine wage-and-hour violations. (Compl. ¶¶ 19-91.) These include claims for: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay all wages and minimum wages; (4) failure to pay overtime worked; (5) failure to pay split-shift premiums; (6) failure to pay reporting time wages; (7) illegal wage statements; (8) unlawful repayment of wages to employer; and (9) failure to pay wages due upon ending employment. (Id.) The tenth cause of action does not assert a separate claim, but rather is titled "Labor Code Private Attorney General Act Allegations." (Id. at 23.)

On February 7, 2015, Defendant filed a Notice of Removal asserting two grounds for removal: (1) original jurisdiction under the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332(d)(2); and (2) diversity jurisdiction under 28 U.S.C. § 1332.  ("Not. of Removal," Doc. No. 1.)

On March 19, 2015, Plaintiffs filed a Motion to Remand the case to Riverside Superior Court.  ("MTR," Doc. No. 9.)  Plaintiffs argue that: (1) PAGA actions, like this one, are not removable pursuant to CAFA; and (2) Defendant cannot show that the requisite amount in controversy is met for diversity jurisdiction.  (MTR at 1.)  Defendant opposed on April 27, 2015.  ("Opp'n MTR," Doc. No. 23.)  Plaintiffs replied on May 4, 2015.  ("Reply MTR," Doc. No. 26.)

On April 7, 2015, Plaintiffs filed a Motion for Sanctions under Rule 11.  ("MFS," Doc. No. 14.)  The MFS contends the Notice of Removal was frivolous as it was not warranted under existing law.  (MFS at 1.)  Defendant opposed on April 27, 2015.  ("Opp'n MFS," Doc. No 24.)  Plaintiffs replied on May 4, 2015.  ("Reply MFS," Doc. No. 25.)

## II.  LEGAL STANDARD[1]

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

### A.  CAFA Jurisdiction

The Class Action Fairness Act of 2005 ("CAFA") gives the district courts original jurisdiction in any civil action where: (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," (2) the action is pled as a class action involving more than 100 putative class members, and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d).

### B.  Diversity Jurisdiction

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a).

The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation." Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 662 (9th Cir. 2005). "[I]n assessing the amount in controversy, a court must 'assume that the

---

[1] Unless otherwise noted, all mentions of "Rule" refer to the Federal Rules of Civil Procedure.

allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" Campbell v. Vitran Exp., Inc., 471 Fed. Appx 646, 648 (9th Cir. 2012) (quoting Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees, and punitive damages.  See Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

The removing party does not need to prove actual facts but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014); Fed.R.Civ.P. 8(a). Where the plaintiff contests, or the court questions, the defendants' allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id., 135 S.Ct. at 550.  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999); Martinez v. Los Angeles World Airports, 2014 WL 6851440, at *2 (C.D.Cal. Dec. 2, 2014).

### III. DISCUSSION

#### A. CAFA Jurisdiction

Defendant's central argument for removal is that Plaintiffs' Complaint, although styled as an action solely under California's Private Attorney General Act ("PAGA"), is really a class action in disguise.  The Court disagrees, and finds that the case should not have been removed under CAFA.

First, to understand the Court's analysis, a brief background on PAGA is helpful.  PAGA "authorizes aggrieved employees, acting as private attorneys general, to recover civil penalties from their employers for violations of the Labor Code." Baumann v. Chase Inv. Servs. Corp., 747 F.3d 1117, 1119 (9th Cir.) cert. denied, 135 S.Ct. 870 (2014).  The California legislature enacted PAGA because of inadequate financing and staffing to enforce state labor laws.  2003 *1121 Cal. Stat. Ch. 906, §§ 1–2.  If the California Labor and Workforce Development Agency ("LWDA") declines to investigate an alleged labor law violation or issue a citation, an aggrieved employee may commence a PAGA action against an employer "personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations." Arias v. Superior Court, 46 Cal.4th 969, 979 (2009).  The LWDA receives seventy-five percent of the penalties collected in a PAGA action, and the aggrieved employees the remaining twenty-five percent.  Cal. Lab. Code § 2699(i).  In essence, PAGA "deputizes" employees by allowing them to pursue the same civil monetary penalties that, absent PAGA, would only be available to state law enforcement agents. Franco v. Athens Disposal Co., Inc., 171 Cal. App. 4th 1277, 1300 (2009).

The Ninth Circuit has held that actions brought under PAGA do not trigger CAFA jurisdiction. Baumann v. Chase Inv. Services Corp., 747 F.3d 1117, 1122 (9th Cir. 2014).  CAFA allows removal of "class actions," which it defines as "any civil action filed under rule 23

of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure. . ." 28 U.S.C. § 1332(d)(1)(B). In Baumann, the Ninth Circuit examined PAGA and concluded that "PAGA actions are [] not sufficiently similar to Rule 23 class actions to trigger CAFA jurisdiction." 747 F.3d at 1122. The panel found persuasive that: (1) PAGA has no notice requirements or opt-out procedures for unnamed aggrieved employees; (2) PAGA contains no numerosity, commonality, or typicality requirements; (3) class action damages are for wrongs done to class members, while PAGA actions seek to vindicate the public interest in enforcement of California labor law; and (4) non-party employees are not bound by a PAGA judgment in the same way they would be by a class action judgment. Id. at 1122-23. The panel also relied on the California Supreme Court's conclusion that, under state law, PAGA actions are not class actions. Id. at 1122 (citing Arias, 46 Cal.4th at 985 (2009)).

In Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A., 761 F.3d 1027 (9th Cir. 2014), the Ninth Circuit elaborated on the holding in Baumann. The Hawaii panel explained that the "appropriate inquiry is [] whether a complaint seeks class status." 761 F.3d at 1040. In other words, "failure to request class status or its equivalent is fatal to CAFA jurisdiction." Id.

Here, the complaint does not request class action status, either under Rule 23 or the California analog, California Code of Civil Procedure § 382. (See generally, Compl.) Plaintiffs do not allege they intend to represent a class, that common questions predominate, that they will be adequate class representatives, or any other allegations that would be pertinent to a class action complaint. (Id.) Furthermore, the Complaint is expressly captioned "PAGA REPRESENTATIVE ACTION COMPLAINT," and the body of the Complaint refers to the suit as PAGA action fourteen times, while never referring to the claims as a class action. (Id. at 1,3; ¶¶ 1, 14, 17, 34, 47, 52, 59, 65, 78, 83, 91, 92, 9-97.)

Defendant argues that CAFA jurisdiction should be invoked because: (1) the Complaint "seek[s] numerous remedies that can only be recovered through a class action, as they are not recoverable under PAGA," and (2) Plaintiffs are seeking damages for a three-year period, while PAGA's statute of limitations is only one year.

Defendant's first argument raises a legitimate point: Plaintiffs' Complaint does seek damages that are not available under PAGA; in fact, it seeks damages that would only be available if this were a class action. PAGA allows for recovery of "civil penalties." See Cal. Lab. Code § 2699 (a),(f). These civil penalties come in two flavors. First, if the violated Labor Code section specifically provides for a civil penalty, then the PAGA plaintiff can recover that amount.[2] Cal. Lab. Code § 2699 (a). Second, if the violated Labor Code section does not specifically provide for a civil penalty, the PAGA plaintiff can recover $100.00 for the first violation and $200.00 for subsequent violations. Cal. Lab. Code § 3699(f). In both of the scenarios, the PAGA plaintiff can recover the civil penalties flowing from an employer's

---

[2] For example, if an employer does not provide itemized wage statements, Labor Code Section 226.3 subjects that employer "to a civil penalty in the amount of two hundred fifty dollars per employee per violation…" Cal. Lab. Code §226.3. Thus, a PAGA plaintiff would be able to recover that $250.00 civil penalty.

violations against any of the represented group of aggrieved employees. See Cunningham v. Leslie's Poolmart, Inc., 2013 WL 3233211, at *7 (C.D. Cal. June 25, 2013) ("Just as a qui tam relator seeks to recover funds on behalf of the government and then receive a portion of those funds as a bounty, a PAGA plaintiff pursues civil penalties on behalf of the government and receives a twenty-five percent portion of the recovered penalty as a bounty.").

Here, Plaintiffs seek more than the PAGA "civil penalties" described above. For example, under Plaintiffs' first cause of action, the Complaint states:

> Plaintiffs and Represented Employee Group No. 1 are entitled to damages under California Labor Code section 226.7 of one additional hour of pay at the employee's regular rate of pay for each duty free meal period that was not provided."

(Compl. ¶ 22.) The Prayer for Relief echoes this allegation, stating that Plaintiffs seek "all applicable statutory penalties" under the first through seventh cause of action.[3] (Id., Prayer for Relief (a).) These "statutory penalties" are not available under PAGA – only civil penalties are.[4] Plaintiffs seek these statutory penalties in addition to the PAGA penalties; yet, the statutory penalties would likely only be available if this were a class action. See, e.g., Bellinghausen v. Tractor Supply Co., 2014 WL 465907, at *1 (N.D. Cal. Feb. 3, 2014) (class action alleging, inter alia, failure to provide meal periods required under Section 226.7); Leon v. Gordon Trucking, Inc., 2014 WL 7447701, at *1 (C.D. Cal. Dec. 31, 2014) (same).

Nevertheless, the Court finds that asserting class action type damages in the Complaint is not the same as bringing a class action complaint. Hawaii teaches that "failure to request class status or its equivalent is fatal to CAFA jurisdiction." 761 F.3d at 1040. In 2002, California adopted certain Rules of Court that govern California class actions. Los Angeles Gay & Lesbian Ctr. v. Superior Court, 194 Cal. App. 4th 288, 301 (2011) (discussing C.R.C. Rules 3.760-3.771). These rules require that "a complaint in a class action must include the designation 'CLASS ACTION' in the caption" and that "under a separate heading entitled 'CLASS ACTION ALLEGATIONS,' the complaint must describe how class certification requirements are met." C.R.C. Rules 3.761(a), 3.761(b). Plaintiffs have not complied with these California requirements for a class action complaint.

Moreover, like the Federal Rules, the California rules provide a framework for the courts to rule on class certification motions. See CR.C. Rule 3.764. If the proposed class is not certified, the class action may not proceed. See Brinker Rest. Corp. v. Superior Court, 53 Cal.

---

[3] The Complaint also seeks, among other things: minimum wages (Compl. ¶ 51), unpaid overtime (Id. ¶ 58), split-shift premium pay (Id. ¶ 64), and reporting time wages (Id. ¶ 69), all on behalf of members of the "represented employee groups."

[4] Labor Code Section 226.7 is an excellent example of a "statutory penalty." It states that "[i]f an employer fails to provide an employee a meal or rest or recovery period . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate . . . for each workday that the meal or rest or recovery period is not provided."

4th 1004, 1021 (2012) (explaining class certification principles.)  Plaintiffs would not be able to receive the class action damages they seek without certifying a class.  To do so, they would presumably have to first comply with the requirements for a class action complaint.  Either way – if Plaintiffs were to amend their complaint to add class allegations, or if they were to move for class certification on the existing complaint – removal would certainly be proper. However, neither of those things have occurred.  Moreover, it does not appear that Plaintiffs are attempting to sneak a disguised class action past Defendant, but rather that Plaintiffs are merely confused as to what damages are proper under PAGA.  See Reply at 6 ("Plaintiffs' PAGA Complaint does not seek remedies unavailable under PAGA").  Moreover, even if Plaintiffs were attempting to disguise what is in actuality a class action, the ruse can only continue for so long – at some point Plaintiffs would need to certify their class.  At that point, removal would obviously be proper (assuming the other requirements necessary to establish CAFA jurisdiction were met).

In sum, Plaintiffs' Complaint is not subject to removal under CAFA.[5]  The proper method for Defendant to attack Plaintiffs' seemingly improper allegations concerning class action type damages is a motion to dismiss or strike in state court.[6]

### B. Diversity Jurisdiction

Defendant also removed based on run-of-the-mill diversity jurisdiction.  In the Notice of Removal, Defendant asserts that all four of the named Plaintiffs' have each individually placed more than $75,000 in controversy.  (Not. of Removal ¶¶ 61, 84, 105, 127.)  Plaintiffs dispute this assertion.  (MTR at 18-24.)

This issue is quickly resolved.  Defendant asserts that attorneys' fees for each of the named Plaintiffs are $78,750.[7]  (Not. of Removal ¶¶ 60, 83, 104, 126).  Without these attorneys'

---

[5] As the Court finds that CAFA jurisdiction cannot be invoked here, it need not analyze the Parties' dispute over whether CAFA's $5,000,000 amount-in-controversy requirement has been met.  (See MTR at 9-16; Opp'n MTR 11-19.)

[6] Defendant also asserts that the Complaint alleges a three-year statute of limitations (the normal statute of limitations for Labor Code violations) rather than the one-year statute of limitations Defendant contends applies to PAGA actions.  Defendant contends this shows Plaintiffs are actually bringing a class action.  Plaintiffs contest that a one-year statute of limitations applies to PAGA claims, citing the recently enacted Section 200.5 of the California Labor Code.  (MTR at 8.)  The Court need not wade into this dispute, as, once again, Defendant may properly assert this argument in a motion to strike in state court; including a three year statute of limitations does not create a per se class action complaint, especially when there is a colorable argument that the statute of limitations applicable to PAGA actions is three years.

[7] "The settled rule is that when two or more plaintiffs having separate and distinct demands unite in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount."  Pinel v. Pinel, 240 U.S. 594, 596 (1916).  In other words, for diversity jurisdiction to be appropriate here, at least one of the named Plaintiffs must have placed at least $75,000 in controversy through their claims.

fees included, the highest alleged amount placed in controversy – through Plaintiff Madelene Geledzhyan's claims – is $46,119.50.[8]  (See id. ¶ 61.)

Generally, attorneys' fees may be considered in evaluating whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party.  See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy[.]").  Attorneys' fees are recoverable under PAGA.  See Cal. Lab. Code § 2699(g)(1).

Nevertheless, Defendant's calculation of attorneys' fees reaches beyond removal and through trial.  (Not. of Removal ¶¶ 60, 83, 104, 126; Opp'n at 23-24.)  It is certainly true that "courts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." Hernandez v. Towne Park, Ltd., 2012 WL 2373372, at *19 (C.D. Cal. Jun. 22, 2012) (collecting cases).  However, the Court is persuaded that "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal." Davis v. Staples, Inc., 2014 WL 29117, at *3 (C.D. Cal. Jan. 3, 2014) (quoting Dukes v. Twin City Fire Ins. Co., 2010 WL 94109, at *2 (D. Ariz. Jan. 6, 2010)).  Indeed, "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal." Id.  As a recent, well-reasoned opinion from this circuit explained:

> [I]t is impossible to devise any workable "actuarial" formula for determining the amount of attorney fees that may be reasonably anticipated at the time of removal. Any attempt to do so must necessarily rely on wholly arbitrary decisions regarding, for example, whether or not to consider the possibility of pre-trial settlement of a removed dispute, whether or not to consider the possibility that fees will be incurred post-trial in connection with appellate proceedings, and how to define the universe of material historical data to which the formula should be applied.  In addition, my jurisprudential experience leads me to conclude that it is highly unlikely that attorney fees fit a normal or any other regular distribution; to the contrary, I believe it is likely that attorney fees are extremely irregularly distributed, and marked by high positive kurtosis and skew. That is, any such actuarial formula, no matter how exquisitely crafted, will inevitably and systematically produce dramatically inaccurate predictions a significant proportion of the time.

Reames v. AB Car Rental Servs., Inc., 899 F. Supp. 2d 1012, 1021 (D. Or. 2012).[9]  The Court finds this analysis persuasive, and will follow Reames' holding.

---

[8] The total amount allegedly placed in controversy by Geledzhyan's claims is $124,869.50.  (Not. of Removal ¶ 61.)  When the asserted attorneys' fees of $78,750 are subtracted from this total, the resulting total equals $46,119.50.

Neither side presents evidence as to the amount of attorneys' fees that have accrued up till removal.  However, this was Defendant's burden.  See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999) (The party seeking removal bears the burden of establishing federal jurisdiction).  Since Defendant's asserted amount in controversy falls far short of the requisite amount if future attorneys' fees are not included, and Defendant has not put forth any evidence of attorneys' fees incurred until removal, the Court finds that Defendant has not borne their burden of establishing diversity jurisdiction.

### C. Attorneys' Fees Under 28 U.S.C. § 1447(c) / Plaintiffs' Motion for Sanctions

Plaintiffs request that the Court require Defendant to pay the expenses Plaintiffs incurred in filing the Motion to Remand.  In granting a motion to remand the Court "may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).  Additionally, Plaintiffs filed a Motion for Sanctions under Rule 11, in which they assert that the Notice of Removal contained claims that were unwarranted under existing law.  (MFS at 3-8.)

The Court DENIES both Plaintiffs' request and the Motion for Sanctions as the Court finds Defendant had a reasonable basis for removal, notwithstanding the ultimate remand of this action for Defendant's failure to carry its burden.  As explained by the Court, Plaintiffs' allegations do suggest class action type damages; removal based on these allegations was reasonable.  Moreover, the Court acknowledges that there is a split of opinion in this circuit regarding the inclusion of post-removal attorneys' fees in the amount-in-controversy calculation.  Thus, Defendant had a reasonable basis for urging the Court to exercise diversity jurisdiction based on its inclusion of such fees.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Remand and REMANDS this case to the California Superior Court for the County of Riverside.  The Court DENIES Plaintiffs' Motion for Sanctions under Rule 11.  The June 1, 2015 hearing is VACATED.

**IT IS SO ORDERED.**

---

( . . . continued)
[9] The Reames court also noted that "[i]t appears that a nascent consensus may be emerging among the district courts of the Ninth Circuit that . . . attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes." 899 F. Supp. 2d at 1021.